NO. 25-1396

# IN THE UNITED STATES COURT OF APPEAL
## FOR THE THIRD CIRCUIT

APICAL BIOTEK, LLC and JUSTIN GIVENS

v.

MAITRI HOLDINGS, LLC, MAITRI GENETICS, LLC,
MAITRI MANAGEMENT, LLC and MAITRI MEDICINALS, LLC

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
USDC WESTERN DISTRICT CASE NO. 2:22-CV-01737

**JOINT MOTION TO RECALL JANUARY 22, 2026 MANDATE AND JUDGMENT (Dkt. 55-1) VACATING THE DISTRICT COURT'S JUDGMENT DATED FEBRUARY 6, 2025 AND REMANDING FOR FURTHER PROCEEDINGS BECAUSE THERE HAS BEEN A SUBSEQUENT CHANGE IN THE LAW PURSUANT TO THE UNITED STATES DEPARTMENT OF JUSTICE FINAL RESCHEDULING ORDER OF APRIL 22, 2026**

Joshua Horn, Esquire
Michael Zukowski, Esquire
FOX ROTHSCHILD, LLP
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Office: 215-299-2184
Fax: 215-299-2150

*Counsel for Defendants/Appellees*
*Maitri Holdings, LLC, Maitri Genetics, LLC, Maitri*
*Management LLC and Maitri Medicinals, LLC*

Christian D. Ehret, Esquire
Brian Jackson, Esquire
The Webb Law Firm
One Gateway Center
420 Fort Duquesne Boulevard

185101575.1

Suite 1200
Pittsburgh, PA  15222

*Attorneys Plaintiffs/Appellants*
*Apical Biotek, LLC and Justin Givens*

2

Defendants Maitri Holdings, LLC, Maitri Genetics, LLC, Maitri Management, LLC and Maitri Medicinals, LLC and plaintiffs Apical Biotek, LLC and Justin Givens (collectively, the "Parties") jointly move for this Court to recall its January 22, 2026 judgment and mandate (Dkt. 55-1) because of an intervening change in the law. Namely, the April 22, 2026 Order of Acting Attorney General Todd Blanche to reschedule state-licensed medical marijuana from Schedule I to Schedule III of the Controlled Substances Act (the "Rescheduling Order"). *See https://www.justice.gov/opa/media/1437751/dl*.[1]

On January 22, 2026, this Court issued its opinion and judgment vacating the District Court's February 5, 2025 judgment granting Defendants' motion for summary judgment on all claims alleged in the Complaint. In doing so, this Court remanded to the District Court for further proceedings because "the factual issue of whether the contract provided for a transaction that would be illegal under federal

---

[1] Maitri Medicinals, LLC is a Pennsylvania permitted medical marijuana dispensary, permit no. D-5030 (https://www.pa.gov/content/dam/copapwp-pagov/en/health/documents/topics/documents/programs/medical-marijuana/phase-1/DOH%20Phase%201%20Dispensary%20Permittee%20Facility%20Locations%20By%20Region_City_County.pdf) (last visited May 8, 2026). Maitri Genetics, LLC is a Pennsylvania permitted medical marijuana grower/processor, permit no. GP-18-5005 (https://www.pa.gov/content/dam/copapwp-pagov/en/health/documents/topics/documents/programs/medical-marijuana/PA%20DOH%20Phase%20II%20Grower-Processor%20Permittee%20Facility%20Locations%20by%20Region.pdf) (last visited May 8, 2026).

185101575.1

law remains unresolved, we will remand to the District Court to conduct factfinding on that issue and evaluate the consequences thereof, namely, whether this contract is unenforceable by federal courts." *See* Dkt. 53 at 6.  The Parties respectfully submit that the Rescheduling Order has resolved this issue by the rescheduling of medical marijuana to Schedule III of the Controlled Substances Act through compliance with the Rescheduling Order.  Therefore, the Parties respectfully request this Court recall its judgment and mandate and address the merits of this appeal.

I.  **ARGUMENT**

### A. The Rescheduling Order Rescheduled Medical Marijuana from Schedule I to Schedule III of the Controlled Substances Act.

On April 22, 2026, Acting Attorney General of the U.S. Department of Justice (the "DOJ") issued the Rescheduling Order that rescheduled medical marijuana from Schedule I to Schedule III of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*) (the "CSA"). The DOJ concluded that doing so was consistent with the United States' obligations under The Single Convention on Narcotic Drugs as amended in 1972 by the Protocol (the "Single Convention").  *See* Rescheduling Order at 1-2. The DOJ provided the following rationale for doing so.

The Single Convention is an international treaty (to which the United States is a party) that controls activities (cultivation, production, supply, trade, transport) involving specific drugs (including marijuana).  The Single Convention laid down a system of regulations (licenses, measures for treatment, research, etc.) for medical

4

185101575.1

and scientific uses of drugs conducted under the auspices of the United Nations. The CSA and its enforcement are the primary means pursuant to which the United States carried out its obligations under the Single Convention and did so by originally placing marijuana on Schedule I of the CSA. *Id.* at 2-3. The Rescheduling Order provides that moving state-legal medical marijuana manufactured and dispensed by state-licensed operators to Schedule III would keep the United States in compliance with the Single Convention. *Id.* at 14.

The Rescheduling Order acknowledged that state-legal medical marijuana programs have existed for some time such that state-licensees have been authorized to cultivate, manufacture and distribute medical marijuana through those state-licensed entities. *Id.* at 7. In that regard, the Rescheduling Order provides:

> State licensees are required to maintain detailed records of plant counts, harvested quantities, inventory levels, and sales or transfers, and to report that information to state regulators on a periodic basis. State medical licensing regimes oversee permissible uses of medical marijuana, confining distribution to registered patients or caregivers through approved dispensaries or other authorized channels. Registered and licensed physicians oversee patient qualification for medical marijuana based on state specific criteria and qualifying conditions.

*Id.* at 8.

The DOJ noted further in the Rescheduling Order that the Administrator of the Drug Enforcement Agency (the "DEA") has the authority under Section 811(d)(1) of the CSA to move ". . . marijuana subject to state-issued licenses to Schedule III." *Id.* The DOJ expressed that the DEA is not required, under the

5

circumstances where a drug is covered by the Single Convention such as here, to request a medical and scientific evaluation or scheduling recommendation from the United States Department of Health and Human Services (the "HHS") as otherwise normally required under Section 811(b) of the CSA. *Id.* at 9.

Nevertheless, the HHS made a scheduling recommendation based upon scientific evaluation as set forth more fully in its letter dated August 29, 2023 (the HHS Letter"). As discussed in the Rescheduling Order, the HHS Letter addressed medical marijuana having medical efficacy, as well as it being safer and less prone to abuse than a Schedule I or II drug; HHS ultimately recommended rescheduling medical marijuana to Schedule III. *Id.* at 10. According to the DOJ, "HHS observed that an overall evaluation of epidemiological indicators suggests that [marijuana] does not produce serious outcomes compared to drugs in schedules I or II. *Id.* at 11.

Noting that the DOJ was not required to follow the recommendations of HHS, the DOJ found that there were several legally viable scheduling options that would still satisfy the United States' obligations under the Single Convention. *Id.* at 14. In doing so, the DOJ exercised its discretion to determine the most appropriate schedule for medical marijuana. *Id.* The DOJ concluded that state-licensed medical marijuana companies can conform with the Single Convention, where unlicensed medical marijuana operators would remain on Schedule I of the CSA. *Id.*

6

The DOJ further noted in the Rescheduling Order that the United States would continue to comply with the Single Convention so long as the DEA purchased marijuana crops from registered manufactures and resold them back (at the same price as the DEA purchase) to the manufacturers along with imposing an administrative fee covering such transactions; the Rescheduling Order specifically provides that the DEA will charge a nominal fee for this purchase and resale. *Id.* at 15.

The Rescheduling Order further provides that certifications issued for patients in state-legal medical marijuana programs are deemed to follow the prescription requirement under Schedule III for the purposes of dispensing medical marijuana to patients:

> State-authorized medical marijuana certifications or similar documents are sufficient to permit the dispensing of medical marijuana to users, provided they include the user's name and address, are dated and signed on the day of issuance, and identify the issuing practitioner. Similarly, registrants may rely on state-law labeling, packaging, disposal, and physical-security requirements in lieu of the otherwise applicable federal requirements, subject to inclusion of the statutory warning label required by 21 U.S.C. 825(c).

*Id.* at 22.

As required by the Rescheduling Order, Pennsylvania has deployed a form of certification that meets the parameters set forth in the Rescheduling Order. Only a patient with a valid medical marijuana identification card who has a physician certification can receive medical marijuana from a Pennsylvania-licensed

7

185101575.1

dispensary.  *See* 35 P.S. §§ 10231.303, 403-04 and 501.  The Pennsylvania Department of Health, Bureau of Medical Marijuana regulations separately enumerate the process by which a patient can obtain a medical marijuana identification card.  28 Pa. Code § 1191a.25.

Finally, under the Rescheduling Order, the DEA will expeditiously process required applications to become federally registered for state-licensees manufacturing and dispensing medical marijuana who submit such applications within sixty (60) days of publication in the Federal Register.  The DEA is to address those applications on an expedited basis; within six months of submission in this sixty (60) day window where these early applicants "may lawfully operate under their state-issued licenses during the pendency of their review."  *Id.*  That process has since begun.  *See* CSA Registration Online Mgmt Tools (last visited May 6, 2026). Considering this change in the law, this Court should recall its judgment and mandate.  *See also* Rescheduling Order at 27-31 (discussing and providing revised 21 CFR Part 1301 for registration of state-licensed medical marijuana companies).

**B. <u>This Court has the Discretion to Recall its Judgment and Mandate.</u>**

This Court has the discretion to recall its judgment and mandate entered on January 22, 2026.  *See American Iron and Steel Institute v. Environmental Protection Agency*, 560 F.2d 589, 594-95 (3rd Cir. 1977), *cert. denied*, 435 U.S. 914 (1978) (acknowledging the court's discretion to recall mandate where exceptional

185101575.1

circumstances or good cause exist); *see also Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998) (recognizing circuit court's inherent discretionary authority to recall mandate).

In *American Iron*, this Court recognized its discretionary authority to recall a judgment and mandate. *See American Iron*, 560 F.2d at 594-95. In doing so, this Court noted the following:

> Above all, though, recall of a mandate is a mode of relief that falls within the ambit of a court's discretion. Ordinarily, such discretion should not be exercised to modify or vacate a prior judgment, absent good cause or exceptional circumstances. And decisions concerning the propriety of such relief must be rendered on a case-by-case basis.

*Id.* The *American Iron* Court concluded that there was exceptional circumstances or good cause warranting the recall of this Court's judgment and mandate to address certain sections of this Court's judgment impacted by intervening Supreme Court precedent that deviated from this Court's prior conclusions and therefore placed the mandate in doubt. *Id.* at 596-97 and 600-01; *see also Michael v. Horn, et al.*, 144 F. App'x 260, 263-64 (3rd Cir. 2005) (recall of mandate necessary to clarify court's opinion).

As discussed more fully above, the intervening change in the law under the Rescheduling Order is the epitome of exceptional circumstances or good cause to justify this Court recalling the judgment and mandate to address the merits of the appeal. In other words and respectfully, the subject matters specifically sought by

185101575.1

the mandate are no longer determinative of the question on remand. The Rescheduling Order effectively resolved the issue of potential federal illegality. Moreover, the Rescheduling Order contains no restriction on this Court applying this change in the law.

### C. This Court Can Retroactively Apply the Rescheduling Order.

It is "the general rule that an appellate court is bound by the law which comes into effect after judgment was entered but before the appeal is decided." *Yakim v. Califano*, 587 F.2d 149, 150 (3rd Cir. 1978) (citing *U.S. v. The Schooner Peggy*, 5 U.S. (1 Cranch) 103 (1801)); *see also Bradley v. Sch. Bd. of Richmond*, 416 U.S. 696, 711 (1974) (rejecting notion that a newly enacted statute only applies to pending cases where mandated by specific terms). "[T]he presumption is that the new law will be applied unless there is statutory direction or legislative history to the contrary, or where there is an exception necessary to avoid manifest injustice." *Yakim*, 587 F.3d at 150 (citing *Cort v. Ash*, 422 U.S. 66, 77 (1975)); *see also U.S. v. Skandier*, 123 F.3d 178 (3rd Cir. 1997) (finding circumstances warranted recall of mandate).

This Court has yet to decide this appeal on the merits. Thus, application of the Rescheduling Order is appropriate here. *See Yakim*, 587 F.2d at 150. Importantly, the Rescheduling Order does not impose any temporal restriction to the application of the Rescheduling Order either. The Rescheduling Order even suggests retrospective application by encouraging the Secretary of the Treasury to

185101575.1

provide retrospective relief regarding the impact of Internal Revenue Code Section 280E on state-legal medical marijuana companies.  *See* Rescheduling Order at 23. Accordingly, the January 22, 2026 mandate and judgment should be recalled and the Rescheduling Order applied to this appeal so that this Court can address the merits.

WHEREFORE, based upon the foregoing manifest change in the law, there are exceptional circumstances or good cause for this Court to recall its January 22, 2026 judgment and mandate.  The Parties respectfully request that this Court recall its judgment and mandate so that this Court can address the appeal on its underlying merits.

FOX ROTHSCHILD LLP

Joshua Horn /s
Michael Zukowski
Joshua Horn, Esquire
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, PA  15219
Phone: 215-299-2184
Fax: 215-299-2150

Attorneys for Defendants

Christian D. Ehret /s
Christian D. Ehret, Esquire
Brian Jackson, Esquire
The Webb Law Firm
One Gateway Center
420 Fort Duquesne Boulevard
Suite 1200
Pittsburgh, PA  15222

Attorneys Plaintiffs

Dated:  May 8, 2026

185101575.1

# CERTIFICATE OF SERVICE

I, Joshua Horn, Esquire, hereby certify that a true and correct copy of the foregoing was

served upon the following individual via ECF, as indicated below:

Christian D. Ehret
Brian Jackson
The Webb Law Firm
One Gateway Center
420 Fort Duquesne Boulevard
Suite 1200
Pittsburgh, PA  15222

Attorneys for Plaintiffs


Joshua Horn/s
Joshua Horn


Dated:  May 8, 2026

185101575.1